UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**UNITED STATES OF AMERICA**

**V.**                                                                       **CRIMINAL ACTION NO.**
                                                                                    **3:96CR124 - J**

**KIMBERLY A. RIVERA**

## OPINION AND ORDER

Kimberly Rivera was convicted of bank fraud in June of 1997. Her case is now before the Court on her motion to expunge her criminal record. The United States has not responded. After examining the tendered materials and the circumstances of the case, the Court is of the opinion that this case does not fall within the extremely limited category as to which an expungement order would be an appropriate exercise of discretion.

Expungement, which seals the records of conviction, is a remedy even more expansive than a presidential pardon. Some states have enacted legislation permitting courts to order the sealing of records of ex-offenders, but the United States has enacted such legislation only as to a very limited class of offenses not relevant in this case. 18 U.S.C. Sec. 3607. Nonetheless, the equitable power of the Court does permit an order of expungement in certain very limited circumstances. For example, in United States v. Doe, 556 F.2d 391 (6th Cir. 1977), an expungement order – although not automatic -- was appropriate in a case in which the conviction had been set aside pursuant to statute. No such situation appears here. Similarly, other circumstances that might weigh in favor of expungement, including overturned convictions, government misconduct, repeal of the statute creating the offense, etc., do not exist in this case.

1

In <u>Schwab v. Gallas</u>, 724 F.Supp. 509 (N.D.Ohio1989), the court observed that any decision to expunge must carefully balance any factors favoring sealing against the government's legitimate need of records for effective law enforcement.  The petitioner's claim in that case that he had led a law-abiding life since completion of his sentence was held not to outweigh that legitimate government need.  Impairment of employment prospects has also been held insufficient to outweigh that government interest.  <u>U.S. v. Wiley</u>, 89 F.Supp.2d 909 (S.D.Ohio 1999)

Accordingly, while the Court sympathizes with the difficulties faced by Ms. Rivera, we must conclude that she has failed to demonstrate that this is one of the very unusual cases in which expunging the federal conviction is appropriate.

IT IS ORDERED that defendant's motion to expunge is denied.

This is a final and appealable order.